IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY B.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 21-cv-00754-HZ

OPINION & ORDER

Kevin Kerr
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Franco L. Becia
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Johnny B. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB and SSI on April 26, 2019, alleging an onset date of September 26, 2018. Tr.14, 267, 271.[2] Plaintiff's date last insured ("DLI") is December 31, 2019. Tr. 180. His application was denied initially and on reconsideration. Tr. 14.

      On October 27, 2020, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 33. On November 25, 2020, the ALJ found Plaintiff not disabled. Tr. 32. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on torn rotator cuffs, back issues, COPD, anxiety, memory issues, and ulcers. Tr. 315. At the time of his alleged onset date, he was 41 years old. Tr. 311. He has a high school education and past relevant work experience as a diesel mechanic. Tr. 25.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 7.

2 – OPINION & ORDER

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. Id.

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 18. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "bilateral shoulder degenerative joint disease; Raynaud's phenomenon; chronic obstructive pulmonary disease (DOPD); depressive disorder (not otherwise specified); social anxiety disorder." Tr. 18. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18–20. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> the claimant can only occasionally reach overhead, bilaterally. He can never crawl. The claimant can tolerate no dust, odors, fumes or other pulmonary irritants. He can tolerate no exposure to extreme hot or cold temperatures. The claimant is limited to understanding, remembering and carrying out only simple, routine tasks. The claimant's ability to exercise judgment in the workplace is limited to only simple work related decisions. The claimant can tolerate only occasional interaction with supervisors and coworkers. The claimant should avoid all contact with the public other than incidental contact. The claimant's time off task can be accommodated by normal breaks.

Tr. 20. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 25. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as photocopy machine

operator, collator operator, and inserting machine operator. Tr. 26. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 27.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

**I.    Medical Opinion Evidence**

Plaintiff argues the ALJ erred in rejecting the opinion of consultative examiners: (1) Derek J. Leinenbach, MD and (2) Sarah Eckstein, PhD.

New regulations about weighing medical opinion evidence apply to claims filed on or after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new

regulations, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain to how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

### A.   Derek J. Leinenbach, MD

Dr. Leinenbach performed a one-time musculoskeletal consultative examination of Plaintiff and reviewed some of his records Tr. 475. Plaintiff's chief complaints were chronic pain and COPD. Dr. Leinenbach found Plaintiff had normal range of motion in all areas tested including his neck, back, and shoulders. Tr. 477. He had a 5/5 motor strength rating in his bilateral upper and lower extremities, and normal muscle bulk and tone. *Id.* In the section of his report titled "General Findings/Tests" Dr. Leinenbach wrote: "There is bilateral shoulder pain associated with flexion and abduction above 100-120 degrees. He endorses tenderness on palpation of the anterior aspects of both shoulders. The right shoulder is painful with internal and external rotation. The left shoulder is painful with internal rotation." *Id.* Based on these and other

findings, he identified several functional limitations, including a limitation to occasional bilateral reaching. Tr. 478.

The ALJ found portions of Dr. Leinenbach's opinion unpersuasive, including the limitation to occasional reaching. In rejecting this limitation, the ALJ wrote: "while Dr. Leinenbach's assessment for exertional activities consistent with the light exertional level is supported by his normal clinical findings, his opinion for occasional reaching (unqualified by directional indications), is not. Although the claimant complained of pain with motion, range of motion was not restricted and muscle strength was normal." Tr. 25.

Plaintiff contends the ALJ erred by rejecting Dr. Leinenbach's limitation to occasional reaching. Plaintiff argues the ALJ substituted his own interpretation of the clinical findings for Dr. Leinenbach's when rejecting this limitation.

Under the new rules, supportability and consistency are the most important factors when evaluating medical opinion evidence. Here, the ALJ identified a lack of support for the limitation and an inconsistency between Dr. Leinenbach's clinical findings and the limitation. Although Plaintiff complained of pain in areas associated with reaching, the other clinical indicators did not support a reaching limitation. Plaintiff had normal range of motion and muscle strength in all areas associated with reaching. The ALJ's rationale for rejecting this limitation was supported by substantial evidence.

Plaintiff argues that Dr. Leinenbach's evaluation included a review of Plaintiff's medical records, which may have supported his decision to include this limitation. But Dr. Leinenbach's opinion contains no discussion of how he factored Plaintiff's records into his opined limitations. That Dr. Lienenbach also reviewed Plaintiff's medical records does not change the Court's finding that substantial evidence supports the ALJ's conclusion.

B.      Sarah Eckstein, PhD.

Dr. Eckstein conducted a one-time psychodiagnostic evaluation of Plaintiff and reviewed his records. Tr. 482. She diagnosed Plaintiff with schizoaffective disorder, social anxiety disorder, alcohol use disorder, stimulant use disorder, noted he was homeless, and gave a rule out diagnosis of mild neurocognitive disorder. Tr. 487. She gave a functional assessment of Plaintiff's limitations and noted several marked limitations including: interacting with coworkers and the public; performing work activities on a consistent basis without special or additional instructions/accommodations; maintaining regular attendance in the workplace; completing a normal workday/work week without interruptions from a psychiatric condition; and difficulty with usual stress encountered in the workplace. Tr. 487.

The ALJ found Dr. Eckstein's opinion "not persuasive." Tr. 23. He noted that the level of impairment identified by Dr. Eckstein "was not observed by other sources" and was "not consistent with the overall record." Tr. 23. Plaintiff contends the ALJ erred by finding Dr. Eckstein's limitations not persuasive.

Substantial evidence supports the ALJ's conclusion that Dr. Eckstein's opinion was not consistent with the overall record. As the ALJ noted earlier in the opinion, from 2016 to 2018 Plaintiff was treated for anxiety and depression only. Tr. 371–372, 383, 399, 404–405, 411, 416. At these visits, Plaintiff was never diagnosed with schizoaffective disorder or reported as having symptoms consistent with the degree of limitation assessed by Dr. Eckstein. The record shows no mental health treatment since the prior decision.

Specifically, Plaintiff contends the ALJ erred by relying on the findings of the physical medicine consultive examiner Dr. Leinenbach to reject Dr. Eckstein's opinion, since he did not perform psychological testing. Pl. Brief at 8, ECF 11. But the ALJ did not rely solely on Dr.

8 – OPINION & ORDER

Leinenbach examination to support his conclusion. Rather, this reference was made in the context of considering that no other sources in the record, including Dr. Leinenbach, had found mental limitations similar to Dr. Eckstein. Substantial evidence supports the ALJ's conclusion that the degree of limitation identified by Dr. Eckstein was not supported by and consistent with the record. The ALJ did not err in rejecting her opinion.

## CONCLUSION

Based on the above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:     June 13, 2022     .

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER